IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LUIS ALBERTO ACOSTA,

    Defendant.

Case No. 3:18-CR-30110-NJR-1

# ORDER

**ROSENSTENGEL, Chief Judge:**

    Now before the Court is Defendant Luis Alberto Acosta's *pro se* Motion for Sentence Reduction. (Doc. 348). Acosta seeks a two-level reduction in his guideline range pursuant to 18 U.S.C. § 3582(c)(2) and Part B of Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G."). (*Id.*). Under Part B of Amendment 821, offenders with zero criminal history points and whose offense did not involve specified aggregating factors shall receive a two-level decrease in their offense level. U.S.S.G. § 4C1.1. One of the criteria for eligibility is that "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role)." § 4C1.1(10).

    Here, while Acosta had zero criminal history points, he received a four-level upward adjustment under § 3B1.1(c) for his aggravating role as an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. (Docs. 280). Therefore, he is not eligible for the Zero-Point Offender adjustment provided by § 4C1.1. *See United States v. Mahee*, No. 121CR00494SDGJSA1, 2023 WL 8452433, at *4

(N.D. Ga. Dec. 6, 2023) (interpreting § 4C1.1(10) and holding that "[n]o defendant who receives an Aggravating Role Adjustment under § 3B1.1 of the Guidelines can ever be eligible for the Zero-Point Offender Adjustment under § 4C1.1(a)").

For this reason, the *pro se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) and Part B of Amendment 821 filed by Defendant Luis Alberto Acosta (Doc. 348) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  April 26, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**